# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510<br>New York, New York 10165<br>_____ | Telephone: (212) 317-1200<br>Facsimile: (212) 317-1620 |

October 31, 2019

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

         **Re:** *Najera Guevara v. 939 Mitchell Market Inc. (d/b/a Panini Grill), et al.*
            Case No. 18-cv-1914 (KPF)

Your Honor:

      This office represents Plaintiffs in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendant 939 Mitchell Market Inc., Surinder Singh, and Mohammad Choudry (together with Plaintiff, the "Settling Parties").

      The Settling Parties have agreed to a negotiated Settlement Agreement concerning any and all federal or state wage-and-hour claims (the "Agreement") after extensive discussions. The Settling Parties have concluded that the Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreement is attached hereto as **Exhibit A.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreement as fair and reasonable, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), and dismissing all of Plaintiff's wage-and-hour claims with prejudice.

**Background**

      Plaintiff Daniel Najera Guevara ("Plaintiff Guevara") alleges that he was employed as a delivery worker at Defendants' deli, "Panini Grill," located at 937 First Avenue, New York, NY 10022. However, Plaintiff was required to spend a considerable part of his work day performing non-tipped duties, such as dishwashing, cleaning the kitchen, grilling food, cooking French fries and chicken wings, taking out trash, and sweeping and mopping ("non-tipped duties"). Plaintiff alleges that he worked significant overtime during the course of his employment, but was paid a fixed weekly salary that did not account for overtime hours worked, and was less than the minimum wage rate of pay, thus resulting in significant unpaid minimum and overtime wages owed to Plaintiff. Further, Plaintiff alleges that Defendants are not entitled to the tip credit minimum wage, as Plaintiff alleges that he spent over 20% or 2 hours of his workday (whichever is less) performing non-tipped duties. Finally, Plaintiff alleges that he did not receive proper notices and wage statements under New York Labor Law ("NYLL") § 195(1). Accordingly,

Hon. Failla
October 25, 2019
Page 2 of 5

Plaintiffs brought this action to recover unpaid minimum and overtime wages, spread of hours pay, liquidated damages, interest, attorneys' fees, statutory damages under NYLL 195, and costs pursuant to The Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. 201 *et seq.*, the New York Minimum Wage Act, N.Y. Lab. Law 650 *et seq.*, and the Spread of Hours Wage Order of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, 146-1.6.

Specifically, Plaintiff Guevara was employed by Defendants from approximately August 4, 2018 until on or about February 25, 2019. From approximately August 4, 2018 until on or about February 25, 2019, Plaintiff Guevara worked from approximately 8:00 a.m. until on or about 7:00 p.m., 6 to 7 days per week, for a total of approximately 66 to 77 hours per week. From approximately August 4, 2018 until on or about February 25, 2019, Defendants paid Plaintiff Guevara a fixed salary of $450 per week for 6 days of work per week and $525 for 7 days of work per week.

Defendant939 Mitchell Market Inc., Surinder Singh, and Mohammad Choudry deny Plaintiff's allegations including, but not limited to, whether Plaintiff actually worked the foregoing hours as alleged. Further, Defendant 939 Mitchell Market Inc., Surinder Singh, and Mohammad Choudry continue to assert that Defendant paid Plaintiff all monies due and owing.

After weighing the risks of trial and costs of further litigation, the Settling Parties have reached an agreement at an early stage.

**<u>Settlement</u>**

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." <u>Lliguichuzhca v. Cinema 60, LLC</u>, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (*quoting* <u>Crabtree v. Volkert, Inc.</u>*,* 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* <u>Le v. SITA Info. Networking Computing USA, Inc.</u>, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." <u>Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (*quoting* <u>Medley v. Am. Cancer Soc.</u>, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The Settling Parties have agreed to resolve these FLSA wage-and-hour claims for the total sum of $15,000.00, which will be paid as outlined in **Exhibit A**, with Plaintiff Guevara receiving $9,291.48 and Plaintiff's counsel receiving $5,708.52 as attorneys' fees and costs. While Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately

$60,343.49, the settlement amounts to nearly all of Plaintiff's back wages, which Plaintiff estimates is a maximum of approximately $21,625.50.

The settlement will spare the parties the expense of finishing discovery, conducting numerous depositions, including a 30(b)(6) deposition, engaging in motion practice and conducting a trial. Further, the settlement provides Plaintiffs with an immediate recovery, as opposed to a delayed recovery or none at all.

As for the litigation risks faced by the parties, Defendants have produced compensation and time records showing that Plaintiff worked fewer hours than he alleges and also showing payments at applicable minimum wage and overtime rates in 2018, which could cast doubt on Plaintiff's claims. If a jury credits Defendants over Plaintiff, it could sharply reduce the potential recovery on Plaintiff's claims.

The settlement here is fair to Plaintiff, as Plaintiff is recovering nearly all of his estimated backpay. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, without incurring the costs or encumbrance of lengthy litigation. Furthermore, the settlement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the wage-and-hour settlement, Plaintiff's counsel will receive $5,708.52 as attorneys' fees and costs, or one-third of the gross amount after deducting costs, which is $4,645.70, plus costs of $4,645.70. This represents a reduction in fees from what is identified in the Plaintiff's retainer agreements, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. 41, 60 (E.D.N.Y. Jan. 28, 2010).; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). Here, Plaintiffs' counsel's fee request is appropriate under these circumstances, as Plaintiff's counsel has a lodestar of $4,052,50, which results in a lodestar multiplier of about 1.15. *See* Pinzon v. Jony Food Corp., No. 18 Civ. 105, 2018 WL 2371737, at *9 (S.D.N.Y. May 24, 2018) (approving a fee resulting in a lodestar multiplier of 5.23, despite that it is "somewhat higher than normally awarded," because "[the] settlement has provided Plaintiff with a substantial and speedy result").

Hon. Failla
October 25, 2019
Page 4 of 5

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are Plaintiffs' amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work is billed at $450 per hour and indicated by the initials "MF."[1]

Paul Hershan was an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018. His work is billed at $350 per hour and indicated by the initials "PH."

Finn Dusenbery is an associate at Michael Faillace & Associates, P.C. He graduated from Brooklyn Law School in 2012. Following law school, he worked as a solo practitioner for about five years, mainly representing employees in wage and hour and discrimination cases. Subsequently, Finn worked for a plaintiffs'-side wage and hour class action firm from 2018 to 2019 and then joined Michael Faillace & Associates, P.C. His work is billed at $275 per hour and indicated by the initials "FD."

The requested attorneys' fees in the parties' settlement are reasonable under the circumstances and Plaintiff has agreed to these fees by agreeing to the settlement amount. As a result, the fees should be approved.

**Conclusion**

Plaintiff has been represented by counsel throughout this lawsuit, and Plaintiff's counsel has agreed to the wage-and-hour settlement amount based on the approval of his clients. Plaintiff's interests have thus been adequately safeguarded.

---

[1] The initials "PL" in the billing sheet refer to work done by paralegals at the firm.

Hon. Failla
October 25, 2019
Page 5 of 5


      In full consideration of the issues presented in <u>Cheeks</u>, we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. The proposed Stipulation and Order of Final Dismissal with Prejudice will be filed for so-ordering after execution of the Agreement and upon receipt of confirmation from the Court that the settlement has been approved. With respect to the John Doe defendants Tony Doe and Samy Doe, and Defendant 937 First Avenue Food Corp., which is dissolved, Plaintiff intends to file a notice of voluntary dismissal.

      Thank you for your consideration in this matter.


                Respectfully Submitted,

                <u>/s/ Finn W. Dusenbery</u>
                Finn W. Dusenbery, Esq.
                Michael Faillace & Associates, P.C.
                *Attorneys for Plaintiffs*


cc:    Stephen D. Hans (via ECF)

      *Attorneys for Defendants*

4842-9756-9176, v. 1